```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JOHN L. DELANEY,                  )
          Plaintiff,              )
                                  )
     v.                           )   Civil Action No. 05-255J
                                  )   Judge Kim R. Gibson
CAMBRIA COUNTY SHERIFFS DEPARTMENT,)  Magistrate Judge Hay
          Defendant.              )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

For the reasons that follow, it is respectfully submitted that the Defendants' Motion to Dismiss (doc. no. 20) be granted.

II. REPORT

Plaintiff, John L. Delaney, a state inmate formerly confined at the Cambria County Jail, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as the sole Defendant is the Cambria County Sheriff's Department. Plaintiff complains that on June 5, 2003, he was assaulted by another inmate while he was in a holding cell at the Cambria County Courthouse. Defendant has filed a Motion to Dismiss the Complaint. For the reasons that follow, the Motion should be granted.

The Defendant has filed a Motion to Dismiss (doc. no. 20) pursuant to Fed. R. Civ. Proc. 12(b)(6). A Rule 12(b0(6) motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).[1]

Plaintiff has named the Cambria County Sheriff's Department as the defendant in this action.  The Cambria County Sheriff's Department is part of Cambria County; it has no separate existence.  Thus, Plaintiff's claim is construed as asserting liability against Cambria County.

Local governing bodies are deemed to be "persons" within the meaning of section 1983 and can be sued directly under the act for monetary, declaratory, or injunctive relief.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  To establish municipal liability plaintiff must:  1) demonstrate the existence

---

1. In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of his injury.  <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990).  A municipality is liable "where the municipality itself causes the constitutional violation at issue."  <u>Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  To establish causation plaintiff must allege a "plausible nexus" or "affirmative link" between the violation and the municipality's custom or practice.  <u>Id</u>. 915 F.2d at 850.  A municipality is not liable for the alleged misconduct of its employees absent a link or nexus between the custom or policy and the employee's misconduct because such liability would be predicated upon the doctrine of <u>respondeat superior</u>.  <u>Monell</u>, 436 U.S. at 691.

    Here Plaintiff has not set forth any allegations to establish liability against Cambria County on the basis of its failure to properly train or supervise its sheriffs concerning their responsibilities in overseeing prisoner safety while confined in the Cambria County Courthouse.  In this regard, to establish liability on a failure to train theory, Plaintiff must set forth specific allegations that the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference.  <u>Brown v.</u>

Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001) (citing City of Canton, 489 U.S. at 390, 109 S.Ct. 1197).

This is unlike the situation presented in Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996), *cert. denied*, 117 S. Ct. 1086 (1997). In that case, the plaintiff claimed that the city maintained a custom or policy of tolerating the use of excessive force by its officers. As proof of the city's acquiescence in such policy, the plaintiff in Beck presented evidence of a series of actual, written civilian complaints of similar nature containing specific information pertaining to the use of excessive force and verbal abuse by the same officer. All but one of the complaints had been transmitted through the police department chain of command to the Chief of Police. In addition, the plaintiff presented annual department reports detailing the high rate of excessive force incidents. After reviewing this evidence, the Court of Appeals for the Third Circuit concluded that, because the complaints came in a narrow period of time and were of a similar nature, a reasonable jury could have inferred that the Chief of Police of Pittsburgh and his department knew, or should have known, of the officer's violent behavior in arresting citizens. In addition, the Court noted that, although department reports highlighted concerns of excessive force, the City took no action in response to such concerns. Based on this record, the court determined that Beck had presented sufficient

4

evidence from which a reasonable jury could have inferred that responsible policymakers for the City of Pittsburgh knew about, and acquiesced in, the tacit use of excessive force by its police officers. *Id*. at 976.

In the case at bar, however, Plaintiff has presented no evidence to demonstrate that his alleged injuries resulted from the County's "deliberate indifference" as demonstrated by its failure to train, supervise or discipline its officers. Specifically, he has not identified any specific training, supervision or disciplinary actions that were deficient.[2] Nor has he established that training, supervision and/or discipline were not provided to the Sheriff's who were present during the incident. Moreover, unlike the plaintiff in Beck, he fails to make any specific factual allegations that Cambria County is liable based on a policy or custom of tolerating inmate abuses in the holding cells at the Cambria County Courthouse. Finally, he fails to allege that any similar conduct has occurred in the past such that Cambria County should have been aware that an unreasonable risk of harm existed. *See* Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) ("the record before us is critically deficient of evidence on which a jury reasonably could have based its conclusion that [the municipality] was

---

2. *See* DiJoseph v. City of Philadelphia, 947 F. Supp. 834 (E.D. Pa. 1996) (failure to demonstrate any inadequacy in the police training program resulted in dismissal of section 1983 claim against city).

deliberately indifferent to the need to train . . . and that this failure to train was the actual cause of the plaintiffs' injuries."). Accordingly, Plaintiff's claim against the Cambria County Sheriff's Department, construed as a claim against Cambria County, should be dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Defendants' Motion to Dismiss Complaint (doc. no. 20) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:    17 February, 2006


cc:  John L. Delaney
     C/O Shirley Fasoli

```
Box 144
Elmora, PA 15737

Devon M. Jacob, Esq.
Frank J. Lavery, Jr., Esq.
LAVERY, FAHERTY, YOUNG & PATTERSON
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
```

```
Box 144
Elmora, PA 15737

Devon M. Jacob, Esq.
Frank J. Lavery, Jr., Esq.
LAVERY, FAHERTY, YOUNG & PATTERSON
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
```